RECEIVED
JUL 2 0 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| MERLIN C. GUILBEAU | CIVIL ACTION NO. 06-0185 |
| VERSUS | JUDGE DOHERTY |
| ST. LANDRY PARISH POLICE JURY AND ST. LANDRY PARISH | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Pending before this Court is a Motion to Dismiss for Lack of Jurisdiction over the Subject Matter [Doc. 6] filed on behalf fo the St. Landry Parish Government.[1] The motion is opposed. This matter had been scheduled for oral argument; however, upon closer review of the briefs, this Court has concluded that further argument from counsel will not be necessary to enable this Court to rule on the motion. Therefore, oral argument on the pending motion is CANCELLED. For the reasons which follow, the motion will be denied.

The defendant has challenged this Court's subject matter jurisdiction over the claims which have been asserted by Mr. Guilbeau. "Every defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is required, except that the

---

[1] The plaintiff has named two defendants in this matter: the "St. Landry Parish Police Jury" and "St. Landry Parish." The movant appears as "St. Landry Parish Government, formerly St. Landry Parish Police Jury." It appears to this Court as though the plaintiff has sought to name both the prior entity (the Police Jury) and the successor entity (the Parish Government) as defendants. It further appears to this Court that the movant, although identifying itself as the Parish Government, intends to appear on behalf of *both* named defendants. As such, this Court will treat the motion as though the movant seeks dismissal of this matter in its entirety.

following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter . . . ." Fed. R. Civ. Pro. 12(b). "Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) a complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Ramming, 281 F.3d at 161, *citing* Barrera-Montenegro v. United States, 74 F.3d 657, 659 (5th Cir. 1996). As the defendant has challenged the legal sufficiency of the plaintiff's theory of recovery, and has not challenged any factual assertion made by Mr. Guilbeau, the motion will be determined based upon the facts as alleged in the Complaint.

"The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." 281 F.3d at 161. "Accordingly, the plaintiff always bears the burden of proof that jurisdiction does in fact exist." Id., *citing* Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980). "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." Id., *citing* Home Builders Ass'n of Mississippi, Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998).

Mr. Guilbeau alleges that he was involved in an automobile accident in St. Landry Parish in September, 1987 and that, as a result of that accident, he obtained a judgment in a civil action against the St. Landry Parish Police Jury in 1990 which, as of January, 2006, was worth just under $400,000.00. He further alleges that the Police Jury resisted his efforts to obtain satisfaction of his

judgment and, moreover, that he has been informed that the Parish Government has no intention of paying the judgment.

On the basis of these factual allegations, the plaintiff has asserted a claim pursuant to 42 U.S.C. § 1983, for violation of the Commerce Clause of the United States Constitution. As the plaintiff has asserted a claim pursuant to an article in the United States Code and alleges a violation of the United States Constitution, it is beyond question that he has raised a federal question and, therefore, that this Court has jurisdiction to hear his claim. 28 U.S.C. § 1331.

Movant nonetheless argues for dismissal for lack of subject matter jurisdiction on the basis that (i) the plaintiff's claim belongs in state court because the original genesis of the dispute was an automobile accident on a rural road in St. Landry Parish, Louisiana, and, therefore, is made solely for the purpose of obtaining federal question jurisdiction or is "wholly insubstantial"; (ii) it is entitled to Eleventh Amendment immunity; and (iii) the plaintiff's claim is not viable under the Commerce Clause. These arguments are not persuasive because (a) St. Landry Parish is not an arm of State government and, therefore, is not entitled to sovereign immunity[2]; and (b) the legal sufficiency of the plaintiff's claims are irrelevant to the determination of this Court's ability to assert subject matter

---

[2] *See, e.g.*, Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273 (5th Cir. 2002); Burge v. Parish of St. Tammany, 187 F.3d 452 (5th Cir. 1999).

jurisdiction over those claims.[3]

For the foregoing reasons, the Motion to Dismiss will be DENIED.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this 20 day of July, 2006.

	REBECCA F. DOHERTY
	UNITED STATES DISTRICT JUDGE

---

[3] While the merits, and the legal sufficiency, of the plaintiff's claims are not relevant to the subject matter jurisdiction challenge which has been filed by the defendant herein, the Court wishes to make clear its belief that the defendant has raised serious questions which will have to be addressed, sooner or later, in order to ascertain whether this matter can proceed to trial. The Court has not reached any conclusion as to whether the defendant's arguments, if presented in the proper procedural context, would accomplish the end it seeks in this motion. However, the Court simply notes that, when and if such issues are presented in proper procedural vehicle, full and complete briefing by both parties will be required.